LOWELL MANUF'G CO. (MORRIS v.). See Case No. 9,833.

## Case No. 8,571.

### LOWELL NAT. BANK v. TRAIN et al.

[2 Mich. Lawy. 27.]

District Court, W. D. Michigan. 1877.

PARTNERSHIP—COMPROMISE BY INDIVIDUAL PARTNERS—CONTRIBUTION.

1. Under the Michigan statute (Comp. Laws, §§ 6199, 6201), providing for separate compromises of partnership debts with individual members of the firm, the remaining partners of the firm who do not compromise cannot be held liable to the creditor for any more than the balance due him, though their joint ratable proportion of the whole debt exceeds that balance.

2. They would be liable under section 6202 to their co-partners, who by compromise paid more than their proportion, to make contribution; and this shows that their liability to the creditor must be limited in such case to the balance of the debt unpaid.

Champlin, Butterfield & Fitzgerald, for plaintiff.

Holmes & Stone, for defendants.

WITHEY, District Judge. Sixty-seven persons associated by articles under the name of the "Lowell Horse and Agricultural Association," and subscribed $37,000 stock. No attempt was made to create an incorporated company under the state law, and no assertion of corporate rights or powers. The persons were held to be partners. The association owed the Lowell National Bank $5,500 and some accrued interest. Some of the partners were pecuniarily responsible, while others were not responsible. The bank offered a compromise to any who should pay a given rate per cent. which, on the basis that there was $20,000 of responsibility represented, would meet the debt. Thirty-seven paid the required sum upon that basis, and received discharges. By this process, the debt was paid, less $803.69, and the suit was commenced against the remaining thirty members not accepting the terms of compromise, to recover whatever balance the bank was entitled to have. At the trial, in October, plaintiff claimed a verdict for $2,878, that being in the language of the statute,

"their joint ratable proportion" of the original debt for which defendants would remain liable. By consent a verdict was entered for that amount, subject to be reduced upon a motion for a new trial as the opinion of the court should require.

Sections 6199 and 6201 of Compiled Laws contain the controlling provisions, and are substantially in harmony with each other. The former reads: "Provided, however, that in case of such settlement or compromise, the copartners who are not parties to the same shall be discharged from liability to the creditors, except for their joint ratable proportion of such copartnership debt." By section 6201, they are not to be considered as discharged from liability to the creditors except as above provided, i. e. "except for their joint ratable proportion of such copartnership debt."

It is not ascertained that any construction has been given in this state to the statute in question, nor in other states where like legislation exists. A literal construction of the language of the sections referred to would support plaintiff's claims, viz: that the non-compromising debtors are not discharged "except for their joint ratable proportion of the copartnership debt." That construction would lead to this result. If one of three members of a firm settles by compromise, and pays two-thirds of the partnership debt in discharge of his liability, the other two partners remain liable to the creditor for two-thirds of the debt when but one-third remains unpaid, because two-thirds is their joint ratable proportion of the original indebtedness. It may be doubted if the legislature could give a creditor the right to enforce collection beyond the balance remaining unpaid, in any event; but we think no such purpose was designed. It is a cardinal rule of construction that the intention of the law maker constitutes the law. The manifest object of the statute must control, and not the absurd results which would flow from its literal rendering.

We hold that the defendants who did not compromise remain liable for the balance of the joint or copartnership debt, not exceeding their joint ratable proportion of the original indebtedness. If those who did compromise have paid more than their joint ratable proportion of the debt, then those who did not compromise remain liable to the creditor only for the balance still unpaid, even if their ratable proportion would exceed the balance remaining unpaid. Under section 6202 they would be liable to their partners who, by compromise, paid more than their proportion, to make contribution; and this shows that their liability to the creditor must be limited to the balance of the debt unpaid when that balance is less than their joint ratable proportion.

Upon remitting the damages in excess of $803.69, plaintiff will be entitled to enter judgment for that sum.